# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

_____

**TRAVIS DAVIS,** individually,
and on behalf of himself and other
similarly situated current and former
employees,

    Plaintiffs,

      v.

**BUTTS FOODS, LP**,
a Tennessee Limited Partnership,
**RAY BUTTS III,** individually,
and **R.E. BUTTS, IV,** individually,

    Defendants,

NO. _____

FLSA Opt-In Collective Action
**JURY TRIAL DEMANDED**

_____

## ORIGINAL COLLECTIVE ACTION COMPLAINT
_____

Plaintiff Travis Davis ("Plaintiff"), individually, and on behalf of himself and all other similarly situated current and former employees of Butts Foods, LP, Ray Butts, III, individually, and R.E. Butts, IV, individually (collectively "Defendants"), brings this collective action against Defendants and allege as follows:

## I. INTRODUCTION

1.     This lawsuit is brought against Defendants as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, to recover unpaid overtime compensation and other damages owed to Plaintiff and other similarly situated current and former employees of Defendants, as defined herein.

1

2. At all times material to this Collective Action, Plaintiff worked for Defendants as a warehouse employee and was classified as exempt from the payment of FLSA overtime compensation for hours worked in excess of forty (40) within weekly pay periods.

3. Defendants misclassified Plaintiff Davis and those similarly situated as exempt from the payment of FLSA overtime for hours worked in excess of forty (40) within weekly pay periods when performing warehouse work and failed to compensate them fully at the applicable FLSA overtime rates of pay for such overtime work during all times material to this action.

4. Upon information and belief, for at least three (3) years prior to the filing of this Collective Action, Defendants willfully and intentionally committed systematic and widespread violations of the FLSA.

## II. JURISDICTION AND VENUE

5. The FLSA authorizes court actions by private parties to recover damages for violations of the FLSA's wage and hour provisions. Jurisdiction over Plaintiff's FLSA claims are based on 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

6. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c) because Defendants' principal place of business is in this district. Moreover, Defendants regularly conducted and continue to conduct business in this district, and have engaged, and continue to engage, in FLSA violations alleged herein in this district during all material times in this cause.

## III. CLASS DESCRIPTION

7. Plaintiff Davis brings this action on behalf of himself and a similarly situated class of warehouse employees and seeks to certify and represent a collective class of such current

and former warehouse employees of Defendants pursuant to 29 U.S.C § 216 (b) of the FLSA, as follows:

> All current and former employees of Defendants who were employed as warehouse employees and classified as exempt from the payment of overtime compensation at a rate of one and one-half times their regular hourly rate of pay for all hour worked over forty (40) within weekly pay periods, and who work (or have worked) in such position anywhere in the United States during the applicable limitations' period covered by this Complaint (*i.e.* two years for FLSA violations and, three years for willful FLSA violations) up to and including the date of final judgment in this matter, and who is the Named Plaintiff and those who elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. § 216(b).[1]

## IV. PARTIES

8. Plaintiff Davis was employed by Defendants as warehouse employee during the applicable statute of limitations' period. (Plaintiff Davis' Consent to Join this Collective Action is attached hereto as *Exhibit A*)

9. Defendant Butts Foods, LP is a Tennessee Limited Partnership with its principal office located at 317 E. Orleans Street, Jackson, Tennessee 38301-5400 and has been Plaintiff's "employer" as that term is defined under the FLSA during all times material to this action. According to the Tennessee Secretary of State, Defendant Butts Foods, LP can be served process through its registered agent: Raymond Earl Butts, IV at 317 E. Orleans Street, Jackson, Tennessee 38301-5400.

10. Upon information and belief, Ray Butts, III is a stockholder and principal officer of Butts Foods, LP and has exercised operational control over Butts Foods, LP at all times material herein. Mr. Butts can be served process at 317 E. Orleans Street, Jackson, Tennessee 38301-5400.

---

[1] Plaintiff reserves the right to modify or amend the "Misclassified Warehouse Employees" Class Description upon newly discovered information gathered through the discovery process.

11. R.E. Butts, IV is the President and Chief Executive Officer of Butts Foods, LP and has exercised operational control over Butts Foods, LP at all times material herein. 317 E. Orleans Street, Jackson, Tennessee 38301-5400.

12. Furthermore, Defendants Ray Butts, III and R.E. Butts, IV determined Plaintiff's rate and method of pay and made the decision to classify Plaintiff and Class Members as "exempt" for overtime hours, which is the crux of this lawsuit. Defendant Ray Butts, III and R.E. Butts, IV are therefore individually liable under the FLSA for the non-payment of overtime complained of herein.

## V. SCOPE OF LIABILITY AS TO DEFENDANTS RAY BUTTS, III AND R.E. BUTTS, IV

13. Throughout the recovery period applicable to this action, individual Defendants Ray Butts, III and R.E. Butts, IV exercised operational control over the business activities and operations of Defendant Butts Foods, LP, including control over the hourly paid employees employed there.

14. In particular, Defendants Ray Butts, III and R.E. Butts, IV directed and controlled work performed by Plaintiff and all other employees who worked for Defendant Butts Foods, LP; hired and fired employees; and implemented, approved, and/or ratified the policy of failing to pay overtime wages to Plaintiff and other current and former employees.

15. Throughout the recovery period applicable to this action, Defendants Ray Butts, III and R.E. Butts, IV were fully aware that Plaintiff and similarly-situated employees were not paid overtime for each hour of compensable work they performed over forty (40) in single workweeks while in Defendants' employ.

16. Accordingly, Defendants Ray Butts, III and R.E. Butts, IV acted "directly or indirectly in the interest of an employer in relation to" the Named Plaintiff and similarly situated

employees within the meaning of §203(d) of the FLSA, and is thus individually and personally liable for the unpaid overtime wages, liquidated damages, costs and attorneys' fees, and any and all other relief sought herein.

## VI. ALLEGATIONS

17. Defendant Butts Foods, LP has its headquarters in Jackson, Tennessee and is a distributor of protein food products throughout multiple states with warehouses located in Birmingham, Alabama; Hattiesburg, Mississippi; Grenada, Mississippi; and Nashville, Tennessee; as well as in Jackson, Tennessee.

18. Defendant Butts Foods, LP owns and operates a mixed fleet of trucks and vans in which it transports food products to customers within and outside the State of Tennessee, and from suppliers of food products and other items from other states into the State of Tennessee, consisting of tractor/trailer trucks with a gross vehicle weight rating ("GVWR") in excess of five (5) tons and vans with a GVWR of less than five (5) tons.

19. Plaintiff Davis and other similarly situated warehouse class members performed job duties such as unloading trucks coming into the respective warehouses from both in and out of state, stocking food products, staging food products, cleaning, sweeping, and loading trucks. When loading trucks, little to no concern was given to how the weight of the loads were placed or balanced on Defendants' trucks and vans. In many instances, the trailers were "overloaded" and drivers were cited for "over-weighted" loads at state weight scales, because warehouse employees were instructed and directed to load the trucks as full as necessary to meet the customers' needs without attention given to the balance or safety of such loads.

20. Moreover, Plaintiff and those similarly situated did not receive training on planning and building balanced loads or otherwise securing loads on Defendants' trailers and vans, were not responsible for the planning and building of balanced and secured loads, and exercised no judgement or discretion in planning and building of balanced and secured loads.

21. Although Plaintiff and other warehouse class members routinely worked in excess of forty (40) hours per week in performance of their warehouse work duties within weekly pay periods during the applicable statutory limitations' period, they were not compensated fully for such overtime hours at one and one-half times their regular hourly rate of pay for such hours worked over forty (40) per week, all in violation of the FLSA.

22. Plaintiff and class members were not exempt from the payment of overtime compensation for all hours worked in excess of forty (40) per week within weekly pay periods at the applicable FLSA rate of pay during the applicable statutory limitations' period herein.

23. Therefore, Plaintiff and class members are entitled to receive from Defendants unpaid overtime compensation, the difference between one and one-half times their regular hourly rate of pay for all hours worked over forty (40) within weekly pay periods during the applicable statutory limitations' period to this action and the amount of pay they have already received for such hours.

24. The unpaid overtime claims of Plaintiff and class members are unified through a common theory of Defendants' FLSA violations.

25. Defendants have been the "employer" of the Plaintiff and those similarly situated within the meaning of 29 U.S.C. § 203(d), during all times relevant to this Original Collective Action Complaint.

26. Defendants employed Plaintiff and those similarly situated and were responsible for establishing and administering pay policies and practices, including pay classifications and overtime pay rates, under the control and direction of Defendants Ray Butts, III and R.E. Butts, IV during all times relevant to this Collective Action.

27. At all times material, Defendants have had a common plan, policy, and practice of establishing and administering pay practices for its employees in the aforementioned class, under the direction and control of Defendants Ray Butts, III and R.E. Butts, IV.

28. Plaintiff and those similarly situated have been "employees" of Defendants, as defined by Section 203(e)(1) of the FLSA, and worked for Defendants within the territory of the Unites States within three (3) years preceding the filing of this lawsuit during all times material to this Original Collective Action Complaint.

29. Defendants have been an enterprise engaged in commerce and in the production of goods for commerce as defined by Section 203(s)(1) of the FLSA, with annual revenue in excess of $500,000.00 during all times material to this Collective Action.

30. At all times material to this action, Defendants have been subject to the pay requirements of the FLSA because they are an enterprise in interstate commerce and in the production of goods in interstate commerce, and their employees have been engaged in interstate commerce.

31. Defendants constitute an integrated enterprise as that term is defined in the FLSA, 29 U.S.A. § 203(r).

32. Defendants have employed a time keeping system for tracking and reporting the employee hours worked by Plaintiff and those similarly situated employees during all times material to this action.

33. During all times material to this Collective Action, Defendants have had a common plan, policy, and practice of misclassifying Plaintiff and other similarly situated as exempt from the payment of the applicable FLSA overtime compensation for hours in excess of forty (40) within weekly pay periods.

34. Defendants are unable to bear their burden of showing Plaintiff and members of the class are within any of the FLSA overtime exemptions.

35. The net effect of Defendants' aforementioned common plan, policy, and practice of misclassifying Plaintiff and other similarly situated "warehouse employees" as exempt from overtime compensation, and failing to pay them for all hours worked in excess of forty (40) per week at the applicable FLSA overtime compensation rate of pay, was a scheme to save on payroll costs and payroll taxes for which Defendants have enjoyed ill gained profits at the expense of Plaintiff and the members of both classes.

36. Although at this stage Plaintiff is unable to state the exact amount owed to him and members of the class, he believes such information will become available during the course of discovery. However, when an employer fails to keep complete and accurate time records, employees may establish the hours worked solely by their testimony and the burden of proof of overcoming such testimony shifts to the employer.

## VII. COLLECTIVE ACTION ALLEGATIONS

37. Plaintiff brings this action on behalf of himself and the class as a collective action pursuant to the FLSA, 29 U.S.C. §§ 206, 207, and 216(b).

38. Plaintiff's claims under the FLSA may be pursued by those who opt-in to this cause of action under 29 U.S.C. § 216(b).

39. The members of the class are so numerous that joinder of all other members of the respective classes is impracticable. While the exact number of the other members of such classes is unknown to Plaintiff at this time, and can only be ascertained through applicable discovery, Plaintiff believes there are more than one hundred individuals in the class.

40. The unpaid overtime claims of Plaintiff and the class are united through common theories of Defendants' FLSA statutory violations.

41. Common questions of law and fact exist as to the respective classes which predominate over any questions only affecting other members of the classes individually and include, but are not limited to, the following:

- Whether Plaintiff and other putative class members were required to perform work for Defendants without compensation.

- Whether Plaintiff and putative class members were paid for all of the hours they spent working;

- Whether Defendants failed to pay Plaintiff and putative class members all the overtime compensation due to them for all the hours worked in excess of forty (40) hours per week within weekly pay period during all times relevant;

- Whether Defendants misclassified Plaintiff and putative class members as exempt from overtime compensation under the FLSA;

- Whether Plaintiff and putative class members over forty (40) hours in a work week without receiving full overtime compensation for such work;

- The correct statute of limitations for the claims of Plaintiff and putative class members;

- Whether Plaintiff and putative class members are entitled to damages, including, but not limited to liquidated damages, and the measure of the damages; and

- Whether Defendants are liable to Plaintiff and putative class members for interest, attorneys' interest, fees, and costs.

42. Plaintiff will fairly and adequately protect the interests of the class as his interests are aligned with those of the members class. Plaintiff has no interests adverse to the respective

class members, and Plaintiff has retained competent counsel who are experienced in collective action litigation.

43. The collective action mechanism is superior to the other available methods for a fair and efficient adjudication of this controversy. The expenses, costs, and burden of litigation suffered by individual members of the class in a collective action are relatively small in comparison to the expenses, costs, and burden of litigation of individual actions, making it virtually impossible for the members of the class to individually seek address for the wrongs done to them.

44. Plaintiff and the class have suffered, and will continue to suffer, irreparable damage from the unlawful policies, practices, and procedures implemented by Defendants.

## COUNT I
## FAIR LABOR STANDARDS ACT VIOLATIONS – OVERTIME

45. Plaintiff Davis, on behalf of himself, individually, and on behalf of himself and other members of the class, repeat and re-allege Paragraphs 1 through 44 above as if they were set forth herein.

46. At all times relevant herein, Defendants have been, and continue to be, an employer engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

47. At all times relevant herein, Defendants have employed Plaintiff and class members as "employees" within the meaning of the FLSA.

48. Defendants have had a common plan, policy, and practice of willfully misclassifying Plaintiff and putative class members as exempt from the payment of overtime compensation for all hours worked over forty (40) per week, and have failed to pay Plaintiff

them the applicable FLSA overtime rates of pay (at not less than one and one-half times their regular hourly rate of pay) for all hours worked over forty (40) within applicable weekly pay periods during all times relevant, as hereinbefore described.

49. At all times relevant herein, Defendants have had actual, as well as constructive, knowledge of willfully refusing to pay Plaintiff and putative class members for all hours worked in excess of forty (40) per week at the applicable FLSA overtime rates of pay, without a good faith basis.

50. Defendants acted willfully, and without good faith, in their failure to pay Plaintiff and putative class members the applicable overtime rates of pay for all hours worked over forty (40) per week within applicable weekly pay periods during all times relevant to this action.

51. As a result of Defendants' willful failure to compensate Plaintiff and putative class members fully at a rate of not less than one and one-half times the regular hourly rate of pay for hours in excess of forty (40) within applicable weekly pay periods, they have violated (and continue to violate) the FLSA, 29 U.S.C. § 255(a).

52. Due to Defendants' willful FLSA violations and lack of a good faith basis, as described above, Plaintiff and the putative class are entitled to, and hereby seek to recover from Defendants, compensation for unpaid overtime wages, an additional equal amount as liquidated damages, as well as interest, reasonable attorneys' fees, costs, and disbursements relating to this action for the three (3)year statutory period under the FLSA, 29 U.S.C. § 216(b).

**<u>PRAYER FOR RELIEF</u>**

WHEREAS, Plaintiff, individually, and on behalf of himself and all other similarly situated, requests this Court to grant the following relief against Defendants:

A. Designation of this cause as a collective action and promptly issue notice pursuant to 29 U.S.C. § 216(a), apprising class members of the pendency of this action and permitting other members of the putative class o assert timely FLSA claims in this action by filing individual consents under 29 U.S.C. § 216(b);

B. On Count I, an award of compensation for unpaid overtime hours to Plaintiff and other members of the class;

C. On Count I, an award of liquidated damages to Plaintiff and other members of the class;

D. On Count I, an award of prejudgment and post-judgment interest at the applicable legal rate to Plaintiff and other members of the class;

E. On Count I, an award of costs, expenses, and disbursements relating to this action together with reasonable attorneys' fees and expert fees to Plaintiff and other members of the class;

F. On Count I, a ruling that the three-year statutory period for willful violations under the FLSA shall apply in this action, and;

G. Such other general and specific relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a **TRIAL BY JURY** on all issues so triable.

Dated:  May 9, 2020.                    Respectfully Submitted,

*/s/Gordon E. Jackson*
Gordon E. Jackson (TN BPR #08323)
J. Russ Bryant (TN BPR #33830)
Robert E. Turner, IV (TN BPR #35364)
Robert E. Morelli, III (TN BPR #37004)
**JACKSON, SHIELDS, YEISER & HOLT**
Attorneys at Law
262 German Oak Drive

        Memphis, Tennessee 38018
        Tel: (901) 754-8001
        Fax: (901) 759-1745
        *gjackson@jsyc.com*
        *rbryant@jsyc.com*
        *rturner@jsyc.com*
        *rmorelli@jsyc.com*

        *Attorneys for Named Plaintiff, on behalf of himself and all other similarly situated current and former employees*